IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WHATABRANDS LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WHAT-A-BURGER #13, INC., § <br> WHAT-A-BURGER #13 LOCUST § <br> PARTNERS, LLC, WHAT-A- § <br> BURGER 13 MOBILE FOOD, LLC, § <br> WAB #13, LLC, and Zeb Bost, § <br> Defendants. § | CIVIL ACTION NO. 3:24-CV-547 <br><br> **JURY DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff Whatabrands LLC ("Whataburger") brings this complaint for trademark infringement and unfair competition under federal and state law and breach of contract under state law against Defendants What-A-Burger #13, Inc., What-A-Burger #13 Locust Partners, LLC, What-A-Burger 13 Mobile Food, LLC, WAB #13, LLC, and Zeb Bost (collectively, "Defendants").

### NATURE OF ACTION AND JURISDICTION

1. This is an action for trademark infringement and unfair competition 15 U.S.C. §§ 1114 and 1125(a); unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1; and breach of contract and unfair competition under North Carolina common law.

2. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. Defendants are subject to personal jurisdiction and venue in this District given their contacts with the state of North Carolina. Defendants reside in this District and a substantial part of the events giving rise to the allegations occurred here.

## THE PARTIES

4. Plaintiff Whataburger is a Texas limited liability company with a principal office at 300 Concord Plaza Drive, San Antonio, TX 78216.

5. Defendant What-A-Burger #13, Inc. is a North Carolina corporation with a principal office at 8330 W Franklin St., Mount Pleasant, NC 28124.

6. Defendant What-A-Burger #13 Locust Partners, LLC is a North Carolina limited liability company with a principal office at 5410 Trinity Rd., Ste. 210, Raleigh, NC 27607.

7. Defendant What-A-Burger 13 Mobile Food, LLC is a North Carolina limited liability company with an address of 17412 Randall's Ferry Rd., Norwood, NC 28128.

8. Defendant WAB #13, LLC is a North Carolina limited liability company with an address of 17412 Randall's Ferry Rd., Norwood, NC 28128.

9. On information and belief, Defendant Zeb Bost is an individual with an address of 17412 Randall's Ferry Rd., Norwood, NC 28128. Mr. Bost owns or otherwise controls the other Defendants.

10. Defendants What-A-Burger #13, Inc., What-A-Burger #13 Locust Partners, LLC, and Defendant What-A-Burger 13 Mobile Food, LLC are referenced herein as "Signatory Defendants."

## FACTUAL BACKGROUND

### A. The Iconic Whataburger

11. Founded in 1950, Whataburger started as a single hamburger stand in Corpus Christi, Texas owned by Harmon Dobson, whose plan was to "make a better burger that took two hands to hold and tasted so good that when you took a bite you would say 'What a burger!'"

12. The plan worked. Today, Whataburger operates over 1,000 restaurants across 16 states. It annually serves over 60 million customers. And while it now offers an array of food and beverage items aside from hamburgers, its burgers have won the "Best Burgers in America" contest and are routinely ranked by food publications among the nation's best.

13. Whataburger's footprint extends beyond its restaurants, with retail versions of its popular condiments and sauces, as well as other food items, available in over 5,000 grocery stores in 25 states and in Mexico. For its 70th anniversary in 2020, Whataburger launched its Whataburger Food Truck, which has embarked on multi-state tours and appears at a variety of public events.

14. Goodwill in the WHATABURGER Mark among non-Texans is equivalent. Local news outlets in disparate places like New Mexico, Arkansas, and South Carolina often publish articles reflecting public excitement surrounding the potential opening of a new Whataburger location in their state. When the first Whataburger opened in Atlanta in 2022, customers waited—day and night—in lines that stretched blocks from the restaurant.

B.  **Whataburger's Nationwide Trademark Rights**

15. Whataburger has continuously and extensively used the mark WHATABURGER (the "WHATABURGER Mark") for an array of restaurant services and food products, among other goods and services, since 1950.

16. Whataburger has widely advertised and promoted its goods and services under the WHATABURGER Mark and received significant national publicity for its offerings.

17. The WHATABURGER Mark is inherently distinctive and serves to identify the source of Whataburger's offerings to the public and to distinguish its offerings from others.

18. Additionally, as a result of Whataburger's extensive use and promotion of the WHATABURGER Mark, and its investment of significant effort and resources in advertising and promoting its WHATABURGER Mark, the WHATABURGER Mark has become distinctive and is recognized by consumers, who have come to know, rely on, and recognize the goods and services of Whataburger by these marks.

19. Whataburger owns strong common law rights in the WHATABURGER Mark.

20. The WHATABURGER Mark is famous within multiple states.

21. Whataburger owns numerous federal trademark registrations issued by the United State Patent and Trademark Office covering the WHATABURGER Mark and other WHATABURGER formative marks, including those listed in the chart below.

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| WHATABURGER | 652137 | 9/24/1957 | Class 30: Hamburger sandwich |
| WHATABURGER (stylized) | 891082 | 5/12/1970 | Class 42: Restaurant services and drive in restaurant services |
| WHATABURGER (stylized) | 1011927 | 5/27/1975 | Class 29: Hamburgers, cheeseburgers, french fried potatoes, fried pies, onion rings, malt and shake beverages<br><br>Class 32: Soft drinks<br><br>Class 42: Restaurant and drive-in restaurant services |
| W WHATABURGER (logo) | 1011928 | 5/27/1975 | Class 29: Hamburgers, cheeseburgers, french fried potatoes, fried pies, onion rings, malt and shake beverages, and frankfurter sandwiches<br><br>Class 32: Soft drinks<br><br>Class 42: Restaurant and drive-in restaurant services |
| WHATABURGER JR. | 1014196 | 6/24/1975 | Class 29: Prepared hamburger sandwich for consumption on or off the premises |
| WHATABURGER | 2335590 | 3/28/2000 | Class 42: Restaurant Services |
| WHATABURGER | 2757109 | 8/26/2003 | Class 36: Charitable fundraising services |
| WHATABURGER FIELD | 3188132 | 12/19/2006 | Class 41: Providing stadium facilities for sporting events, exhibitions, conventions, community festival events and concerts |
| WHATABURGER Field Corpus Christi (logo) | 3188136 | 12/19/2006 | Class 41: Providing stadium facilities for sporting events, exhibitions, conventions, community festival events and concerts |

| | 4592132 | 8/26/2014 | Class 41: Providing stadium facilities for sporting events, exhibitions, conventions, community festival events and concerts |
|---|---|---|---|
| WHATABURGER | 4845240 | 11/3/2015 | Class 43 (excerpt): Food preparation services . . . drive-in restaurant services . . . group meal services, namely, providing takeout restaurant services to groups travelling by automobile, truck or bus, school meal preparation services, and preparation of meals for consumption by groups of travelers on or off the premises; carryout restaurant services; cafe services; restaurant services featuring breakfast foods and beverages; fast-food restaurant services; preparation of beverages for consumption on or off the premises . . . restaurant services featuring hamburgers, cheeseburgers, chicken sandwiches, fish sandwiches and other meat sandwiches; fast casual restaurant services; drive-through restaurant services . . . dine-in restaurant services; quick service restaurant services . . . |
| WHATABURGER | 4921566 | 3/22/2016 | Class 29 (excerpt): Hamburger; savory potato based snack foods; salads, namely, garden salads, vegetable salads, fruit salads, meat salads, chicken salads, prepared protein salads, garden salads with grilled or fried meat or poultry, vegetable salads, with grilled or fried meat or poultry; dried fruits; potato fries; salads, except macaroni, rice and pasta salads; combination meals consisting primarily of processed chicken breast and chicken breast chunks served as breaded and fried chicken nuggets, strips, tenders, bites, or morsels, dipping sauces, fries, and a drink for consumption on or off the premises . . . |

| | | | |
|---|---|---|---|
| WHATABURGER | 4921567 | 3/22/2016 | Class 30 (excerpt): Hamburger sandwiches . . . cheeseburger sandwiches . . . breakfast sandwiches consisting of eggs, bacon, sausage, cheese, and/or condiments; honey barbecue sauce; fried fruit pies and pastries; grilled food products for consumption on or off the premises, namely, grilled meat sandwiches, grilled chicken sandwiches, grilled cheese sandwiches, grilled vegetable sandwiches . . . pancake mix . . . honey butter sauce; salad dressings . . . pancake syrup; jalapeno cheddar biscuits . . . condiments, namely, barbeque sauce, dipping sauces, ketchup, mayonnaise, mustard, pancake syrup, salad dressings, vinaigrettes, honey mustard salad dressing, tartar sauce, honey barbeque sauce, creamy pepper sauce, jalapeno ranch sauce, peppercorn ranch sauce, honey mustard, pepper, salt, and sugar substitutes . . . |
| WHATABURGER | 4921568 | 3/22/2016 | Class 32: Beverages, namely, non-alcoholic beverages in the nature of fruit beverages and carbonated beverages; soft drinks for consumption on or off the premises; non-alcoholic drinks sold for consumption on or off the premises, namely, fruit juices, fruit flavored drinks, sports drinks, fruit punch, drinking water, lemonade, non-frozen non-alcoholic carbonated beverages; carbonated and non-carbonated soft drinks and fruit juices; soft drinks |

22. Each of the registrations listed in the chart above is valid, subsisting, and has become incontestable under 15 U.S.C. § 1065. True and correct copies of the corresponding registration certificates are attached hereto as **Exhibit A**.

23. Whataburger's federal trademark registrations are "conclusive evidence" of the validity of the WHATABURGER Mark, as well as Whataburger's continuous use of the WHATABURGER Mark, ownership of rights in the WHATABURGER Mark, and exclusive right to use the WHATABURGER Mark with the registered goods and services, as well as related goods and services, under 15 U.S.C. § 1115.

24. Whataburger's federal registrations confer upon Whataburger nationwide priority in the right to use the WHATABURGER Mark and to exclude others from using the same or confusingly similar marks subsequent to the issuance of Whataburger's first registration in 1957.

### C. Whataburger's Expansion to North Carolina

25. Whataburger opened its first location outside of Texas in 1959 and has long operated restaurants across the southwest and southern United States.

26. In 2020, Whataburger publicly announced plans to enter new markets and begin franchising its restaurants for the first time in almost 20 years.

27. Between 2020 and 2022, Whataburger expanded its geographic footprint from 10 to 14 states with new locations is Missouri, Tennessee, Colorado, and Kansas.

28. In 2024, Whataburger opened its 1000th location and expanded its footprint to 16 states with new locations in Nevada on The Strip in Las Vegas and in Greenville, South Carolina.

29. Local news outlets in North Carolina began speculating as early as 2022 about Whataburger's potential expansion into the state.

30. In April 2024, Whataburger publicly confirmed the reports of its plans to open restaurants in North Carolina sometime in 2025.

D. **Defendants and their What-a-Burger #13 Business**

31. Defendants offer restaurant services in North Carolina using the name and mark What-A-Burger #13 (the "What-A-Burger #13" Mark).

32. Defendants offer goods and services that are identical to Whataburger's offerings, and identical or highly related to the goods and services covered by Whataburger's federal registrations.

33. As reflected in signage at Defendants' restaurants and on their website and food trucks, Defendants claim they began using the What-A-Burger #13 Mark in connection with their business no earlier than 1969—over a decade after Whataburger received its first federal trademark registration for the WHATABURGER Mark.

34. Each Defendant uses the What-A-Burger #13 Mark in connection with two brick-and-mortar restaurants located in North Carolina with addresses at 8330 West Franklin Street, Mount Pleasant, North Carolina, and 101 North Central Avenue, Locust, North Carolina and/or in connection with one or more mobile food trucks.

E. **The Parties' Coexistence Agreement**

35. Whataburger contacted certain of Defendants on October 13, 2022 in anticipation of its entry into North Carolina to notify them that continued use of their What-A-Burger #13 Mark creates a likelihood of confusion and thus infringes the WHATABURGER Mark given Whataburger's nationwide priority in its WHATABURGER Mark as of 1957.

36. Signatory Defendants and Whataburger ultimately signed a confidential coexistence agreement (the "Agreement") permitting limited uses of the What-A-Burger #13 Mark by Signatory Defendants under controlled conditions. The Agreement has an Effective Date of May 19, 2023.

37. The Agreement includes a term that Signatory Defendants could not use the What-A-Burger #13 Mark except as expressly allowed by the terms of the Agreement.

38. Per the Agreement, Signatory Defendants could use the What-A-Burger #13 Mark only in connection with their existing brick-and-mortar locations (identified above) and in connection with their then-existing single food truck in limited ways.

39. The Agreement specifies consequences in the event of certain types of breaches.

40. In addition to binding Signatory Defendants, the Agreement states its terms bind Signatory Defendants' affiliated parties.

41. The Agreement was signed by Defendant Bost on behalf of Signatory Defendants.

42. On information and belief, Defendant WAB #13, LLC was formed at the direction of Defendant Bost days before Defendant Bost signed the Agreement on behalf of Signatory Defendants, and its formation was not disclosed to Whataburger.

43. Defendants represent WAB #13, LLC as part of a single "small, family owned, fast paced business" founded in 1969, along with Signatory Defendants.

### F. Defendants' Breach of the Agreement

44. Defendants have used and continue to use their What-A-Burger #13 Mark in connection with their food trucks in ways that were not allowed under the Agreement.

45. Defendants' use of the What-A-Burger #13 Mark in connection with their food trucks in ways not allowed under the Agreement constitute one or more breaches of the Agreement.

46. Defendant Bost's formation of Defendant WAB #13, LLC days before signing the Agreement was an apparent attempt to circumvent the purpose and intention of Signatory Defendants' deal with Whataburger.

47. Whataburger contacted Defendants on April 9, 2024 to notify Defendants of at least four occasions in which Defendants' use was in violation of the Agreement.

48. Defendants failed to cure their breaches of the Agreement within any time allowed under the Agreement.

49. Defendants have continued to violate the Agreement after multiple notices from Whataburger.

50. Under the terms of the Agreement, Defendants' repeated and uncured breaches of the Agreement triggered the automatic remedies and consequences specified in the Agreement.

51. Under the terms of the Agreement, Defendants' repeated and uncured breaches of the Agreement caused the Agreement to automatically terminate by its own terms.

52. Defendants agreed that, upon termination of the Agreement, they would immediately cease all use of the What-A-Burger #13 Mark for any purpose.

53. Defendants continued to use the What-A-Burger #13 Mark after termination of the Agreement, and such continued use constitutes additional breaches of the Agreement.

**G.   Effects of Defendants' Unauthorized Use of the What-A-Burger #13 Mark**

54. Defendants' continued and ongoing use of the What-A-Burger #13 Mark is without authorization, either under the Agreement or otherwise.

55. Defendants' unauthorized use of the What-A-Burger #13 Mark is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties as to some affiliation, connection, or association of Defendants' business with Whataburger, or as to the origin, sponsorship, or approval of Defendants' goods or services.

56. Defendants' unauthorized use of the What-A-Burger #13 Mark falsely indicates to the purchasing public that Defendants, their business, and their services originate with Whataburger; or are affiliated or associated with Whataburger; or are sponsored, endorsed, or approved by Whataburger; or are otherwise related to Whataburger or its services.

57. Defendants' unauthorized use of the What-A-Burger #13 Mark falsely designates the origin of its products and services and falsely and misleadingly describes and represents facts with respect to Defendants and their products and services.

58. Defendants' unauthorized use of the What-A-Burger #13 Mark enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by Whataburger over many years and to gain acceptance for Defendants' products and services not solely on their own merits, but on the reputation and goodwill of Whataburger, its WHATABURGER Mark, and Whataburger's products and services.

59. Defendants' unauthorized use of the What-A-Burger #13 Mark removes from Whataburger the ability to control the nature and quality of products and services provided under its WHATABURGER Mark and places the valuable reputation and goodwill of Whataburger in the hands of Defendants, over whom Whataburger has no control.

60. Defendants' unauthorized use of the What-A-Burger #13 Mark causes irreparable harm to Whataburger and to the public.

61. In addition to Signatory Defendants, Defendant WAB #13, LLC is liable to Whataburger for all claims, including because it is an affiliated party to the Signatory Defendants and commonly owned or controlled by Defendant Bost.

62. Defendant Bost is personally liable for the acts described herein, as he is an affiliated party to the Signatory Defendants and has actively participated in the activities, including acts constituting trademark infringement, that he has authorized and approved.

63. Unless these acts by Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable harm to Whataburger and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

64. Whataburger repeats the allegations above as if fully set forth herein.

65. Defendants' acts complained of herein constitute infringement of Whataburger's federally registered WHATABURGER Mark in violation of 15 U.S.C. § 1114(1).

66. This is an exceptional case pursuant to 15 U.S.C. § 1117(a).

67. Defendants' infringing conduct is likely to cause substantial injury to the public and to Whataburger, and Whataburger is entitled to injunctive relief and to recover damages, pursuant to 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II: FEDERAL UNFAIR COMPETITION

68. Whataburger repeats the allegations above as if fully set forth herein.

69. Defendants' acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

70. Defendants' actions are likely to cause confusion and mistake and to deceive customers, potential customers, and the public as to the true affiliation, connection, or association of Defendants and their products and services in violation of 15 U.S.C. § 1125(a)(1), and Whataburger is entitled to injunctive relief, and to recover damagesand reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT III: BREACH OF CONTRACT

71. Whataburger repeats the allegations above as if fully set forth herein. Defendants' acts complained of herein constitute breach of contract in violation of North Carolina common law.

72. As a direct and proximate result of Defendants' breach of the Agreement, Whataburger has suffered damages in amount to be proven at trial, together with interest from the date of the breach.

### COUNT IV: UNFAIR AND DECEPTIVE TRADE PRACTICES

73. Whataburger repeats the allegations above as if fully set forth herein.

74. Defendants have and are engaged in acts affecting commerce and business activities in the state of North Carolina and constituting unfair business practices in violation of the North Carolina Unfair Business Practices Act, N.C. Gen. Stat. § 75-1.1.

75. Defendants' acts complained of herein, including, but not limited to, Defendants' creation of a new corporate entity while negotiating the Agreement with Whataburger in an apparent attempt to circumvent the purpose and intention of the Agreements' obligations on Signatory Defendants, constitute unfair or deceptive acts or practices in or affecting commerce in violation of N.C. Gen. Stat. 75-1.1.

76. Defendants' conduct has caused Whataburger irreparable injury. Unless enjoined by the Court, Defendants will continue to cause Whataburger injury. Whataburger is entitled to recover damages, costs and reasonable attorneys' fees from Defendants, pursuant to N.C.G.S. § 75-1.1, et seq.,

### COUNT V: COMMON LAW UNFAIR COMPETITION

77. Whataburger repeats the allegations above as if fully set forth herein.

78. Defendants' acts complained of herein constitute unfair competition in violation of North Carolina common law.

-15-
Case 3:24-cv-00547   Document 1   Filed 06/11/24   Page 15 of 18

# DEMAND FOR RELIEF

**WHEREFORE,** Whataburger demands that:

(a) Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the WHAT-A-BURGER #13 Mark and any other mark that is confusingly similar to Whataburger's WHATABURGER Mark, and from any attempt to retain any part of the goodwill misappropriated from Whataburger;

(b) Defendants be ordered to destroy any signage in violation of section (a) above;

(c) Defendants be ordered to transfer to Whataburger the domain name whataburger13.com and any other domain name Defendants own that includes "Whataburger," "What-a-Burger," or any confusingly similar term;

(d) Defendants be ordered to file with this Court and to serve upon Whataburger, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(e) Whataburger recover all liquidated damages to which it is entitled under the Agreement;

(f) Whataburger recover all damages it has sustained as a result of Defendants' activities, and that said damages be trebled;

(g) An accounting be directed to determine Defendants' profits resulting from its activities, and that such profits be paid over to Whataburger, increased as the Court finds to be just under the circumstances of this case;

(h) Whataburger recover its reasonable attorney fees;

(i) Whataburger recover its costs of this action and prejudgment and post-judgment interest; and

(j) Whataburger recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Whataburger demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted this 11th day of June, 2024.

    BELL, DAVIS & PITT

    */s/ Kevin G. Williams*
    Kevin G. Williams
    N.C. State Bar No. 25760
    Carson D. Schneider
    N.C. State Bar No. 59953
    100 N. Cherry St.
    Winston-Salem, NC 27101
    Telephone: (336) 722-3700
    kwilliams@belldavispitt.com
    cschneider@belldavispitt.com

Wendy C. Larson
Texas State Bar No. 24055820*
California State Bar No. 235037
Giulio E. Yaquinto
Texas State Bar No. 24107292*
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78701
(512) 322-5200
(512 322-5201 (Fax)
(wlarsson@pirkeybarber.com)
(gyaquinto@pirkeybarber.com)
*Special Appearance Under Local Rule 83.1(d) in process.*

*Attorneys for Plaintiff*